**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATE **DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO**

DEC **2 1** 2023

MITCHELL R. ELFERS
CLERK

RUBEL ROMERO.
Plaintiff

Case No: **23cv1141-DLM**
**COMPLAINT**
(JURY TRIAL DEMANDED)

Vs.

BRYCON CORPORATION.
Defendant

## NATURE OF THE ACTION

This is an action under the Title VII of the Civil Rights Act of 1964 and Title I of Civil Rights Act of 1991 against defendant Brycon Corporation. to correct unlawful unemployment practices based on sex and/or retaliation and to provide appropriate relief to the charging party, Rubel Romero and other aggrieved individuals. As alleged with greater particularity below, the charging party alleges that Brycon engaged in unlawful discrimination by subjecting Romero and other aggrieved individuals to a hostile work environment because of their Sex, Male. Brycon also violated Title VII by retaliation against Romero and other individuals. When Brycon denied his request. to transfer and terminate his employment because he opposed the harassment and told Brycon he was going to file and then did file a formal charge of discrimination with the EEOC. Alternatively, Brycon constructively discharged Romero. By creating such a hostile work environment that a reasonable employee would have feel compelled to resign.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to the. 28 U.S.C.§ § 451, 1331,1337, 1343 and 1345. This action is authorized and instituted pursuit to section. 704 (a)(1),706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-3(a),2000e-5 (f)(1) and (3) and section 102 of Civil Rights Act of 1991,42 U.S.C.§ 1981a.

2. The employer practices alleged to be unlawful, were committed within the jurisdiction of the United States. District Court of the District of New Mexico.

## PARTIES

3. At relevant times, Brycon Corporation has continuously been an employer and engaged in an industry affecting commerce under sections. 701 (B), (G) and (H) of Title. VII., 42. U.S.C.§ § 2000e(b), (g) and (h).

4. At all relevant times, Brycon corporation, a New Mexico corporation, continuously did business in the state of New Mexico, and the city of Albuquerque and has continuously had. At least. 15 employees.

5. Mr. Romero prose plaintiff and coworkers.

## PROCEDURES

6. More than thirty days prior to the initiation of the lawsuit, Romero filed a charge of discrimination with the EEOC alleging violations of Title VII by Brycon Corporation.

2

7.  The EEOC issues the following determination and a notice of right to sue charge. Letter 543-2023-00484.

8.  The EEOC. Provided Brycon with a copy of the right to sue letter.

9.  The EEOC also failed to investigate the charge of discrimination filed by Romero

10. Plaintiff, Romero has reasonable cause to believe that Title VII was violated. And inviting right for Brycon Corporation to join an informal method of conciliation to endeavor to eliminate the unlawful unemployment practice and provide appropriate relief if Brycon Corporation chooses to.

11. All conditions and procedures to the institution of the lawsuit have been fulfilled per EEOC a letter of a right to sue letter was assigned to this case on 9/28/2023 by Jose Horta of the EEOC.

## FACTUAL ALLEGATIONS

12. Romero was hired by Brycon Corporation on February 14, 2022, as a Low Voltage Technician at Intel corporation in Rancho, NM. Work site in Rio Rancho, NM.

13. His first day of work was. February 22, 2022, and his last day of work was September 9,2022.

14. Within a few mouths of Romero 's hiring Brycon corporation appointed Justin Armijo as the new foremen at. Over Romero crew at Intel Corporation work site.

15. Within a few months after Romero was hired. Brycon Corporation hired. Superintendent. Richard Edwards, he oversaw Romero crew.

16. Foreman Richard Edwards and Foreman. Armijo Edwards. Subject Romero and other male employees to frequent offensives and unwelcome sex remarks and sexual conduct. as well as harassment.

17. On February 17,2022 Romero sustained an eye injury. And was forced to sign a report. The report was altered by Mr. Edwards to lie about an incident Per Safety Manger, Brian Costanzo, that took place.

18. Romero stated. That Justin Armijo. Had asked him. Why he had oatmeal on his face. And that he has cum around his mouth. In front of Romero 's coworkers in from time to time. Mr. Romero has a skin disorder of a white pigment.

19. Armijo would also at times kick coworkers and Romero will setting on a spool of wire in the growing in front of Romero's coworker from time to time.

20. Forman Armijo Continue to make gay remarks to Romero 's coworkers in front of Romero's coworker from time to time.

21. Mr. Romero had Justin's phone. Lent to him. Because this phone when it gets service up in the clean room. Mr. Romero. Had seen and downloaded messages. addressing the firing of a female employee.

22. On September 1, 2022. Romero and a coworker. We're walking out of the clean room. And was stalked by Tommy. The owner of Brycon. He had stated to us. That we cannot come out of the clean room unless it was lunchtime. To use the restroom and that we were leaving early to lunch. But instead, he was just looking for a way to write us up or to fire us. Which I believe he fired my coworker the next day. They were trying to split up my crew. Because my crew was the one getting the blunt of the harassment.

4

23. There was discrimination against a female employee. Justin would always tell. Me that the female employee was on the termination list and that they were trying to get rid of her.

24. After Mr. Romero went to HR and discussed harassment and sexual harassment. They decided to retaliate against him by trying to have him sign. Is what they call a performance correction notice on September 9th, 2022, due to repeated violations. That there will be submitted, and evidence and recordings.

25. It was Mr. Romero 's request to have a meeting. And a safety plan. And some training of staff sexual harassment and harassment by staff. Because Brycon did not go over that. As a new hire packet. Doing so Romero crew and individuals. Were labeled as rats and harassed. And comments were made in rats regard, recording and evidence will be submitted. When Tracy was notified. HR director. She was unwilling to correct the situation.

26. On 9/ 1/ 2022 Romero was called into the office for a meeting. Brycon Corporation issued him a performance correction and warning notice. In that notice, it said Monday, August 29th, you received a verbal correction from Tracy McNair, director of HR.

27. Stating that a female employee. Was terrified to come to work. Because of my actions. And that she specifically told them so. That is not true. I have recordings. Of the interview of me.

28. During the investigation. HR Director Tracy. Had pulled everybody in but did not send. home Armijo or Edwards. But instead. Did the investigation. And everybody was conferring with each other. And asking what was going on so they could compare stories. When they figured out. That my team and I went to the HR. They started calling us rats' coworker. Made a comment about kicking people in the balls. It was very stressful. And

caused a hostile work environment. And my coworkers and I felt unsafe. Tracy should have been professional on doing her investigation and she did not do so. Which caused the hostile work environment.

29. Tracy McNair and addressing that issue. Tommy addressed the issue with me. And try to force me to sign a document. I did not sign the document.

30. When it came down to disciplinary Justin and Edwards. The Superintendent threatened to leave the job site. Because he is a friend with Justin and Edwards. And made Brycon bring them back. Which caused fear and safety of coworkers.

31. Just in our meals comments about oatmeal and come around Mister Ramirez 's mouth because of his of his skin disorder, was not welcomed.

32. Justin Armijo at times would hit a female employee on the head with his helmet. To show her dominance. He would call it "Turtle Fucking" in front of coworkers. And he would do that to Romero and coworkers also.

33. Richard Edward. Would we make gestures to Romero what's that on your cheek Is that cum or you have something on your mouth Wipe it off.

34. Richard Edwards and Justin did not treat female coworker the same on work sites. In the same way manner that he treated male employees as a supervisor.

35. My female coworker had gone to HR months prior to this. And discuss the harassment and sexual harassment. My understanding is that HR didn't do nothing about it and that was the reason why Justin. And the supervisors wanted to get rid of her because she had gone to HR to complain. HR didn't follow through and do anything then. Instead of turning on eye, they continued to let it be.

36. The harassment and sexual harassment and the sexual comments made by Justin Armijo. And Edwards was also done in such an open manner that Brycon Corporation knew or should have known that Romero and other men and women were being subject to hostile work environment because of sex and failure to take remedial action to correct the hostile work environment.

37. Forman Edwards and Armijo unwelcome conduct because of sex, male created a hostile work environment for Romero and other male and female aggrieved individuals and coworkers.

38. Romero complained about or Armijo. And Edwards unwelcome sexual conduct. To the defendants. Management and HR. Personnel including. Tracy HR director. And the owner of Brycon tommy took no remedial action to correct. The sexual hostile work environment at Intel Corporation job site. As described in the foregoing paragraphs.

## STATEMENT OF CLAIMS FIRST CLAIM FOR RELIEF SEX-BASED HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 2000e-2(a)]

39. Allegations contained in the foregoing paragraphs are incorporated by reference.

40. From my list, February. 2022 through the present, Brecon engaged in unlawful employment practice at New Mexico in violation of section 703(a)(1) of Title VII,42

41. U.S.C § 200e-2(a), by subjecting Romero and other female and Mail. What grieved individuals to sexual harassment? Constituting A hostile work environment.

42. Despite complaints about sexual harassment, comments and conduct, Brycon permitted. And tolerated this sex based hostile work environment by two Foreman and individuals.

And or officials and failure to take prompt or efficient remedial action to correct it but instead summited a letter of performance correction notice against. Mr. Romero and at the same time fired and or forced out coworkers to leave the hostile and unsafe environment.

43. Defendant failed to take prompt or efficient action to prevent or correct or remedy sexual harassment. Hostile work environment.

44. The effector of practice complaint of in the foregoing paragraph has been to deprive from Romero and other aggrieved individuals of Equal Employment opportunities and otherwise adversely affect their status as employees because of sex or harassment. Or unsafe environment.

45. The unlawful employment practice complained of in the foregoing paragraphs were intentional as unlawful employment practice complained of in the foregoing paragraphs were done with malice or reckless indifference to Romero's and other aggrieved individuals. Federally protected rights'

## SECOND CLAIM FOR RELIEF

### [Retaliation – 42 U.S.C. § 2000e-3(a)]

46. Allegations containing in the foregoing paragraphs are. Incorporated by reference.

47. Brycon engaged in unlawful employment practice in Its New Mexico offices and work site in violation of section. 704(a)(1) of Title VII,42 U.S.C. § 2000e-3(a), By taking. Adverse Employment Action against Romero because Romero posed an unlawful employment practice by. Complaining about unlawful sexual harassment and harassment.

48. Brycon unlawfully unemployed practice including 1. Denying Romero, a safe transfer because he was complaining to hr. officials of defendants Edwards and Armijo sexual

8

harassment and harassment and unsafe work requirement 2. terminating Romero's unemployment because Romero imposed. The harassment because of sex and because of Brycon learning Romero 's intent to and then did file a charge of discrimination with the EEOC reported the sexual harassment at the intel Corporation job site. During the HR meeting with. Tracy McNair. Her statement was. She's not worried about the EOC. Recording will be submitted.

49. The effects of the practice complained of in the foregoing paragraph has been to deprive Romero of Equal Employment Opportunity, and otherwise it adversely affects his status an employee because of opportunity to unlawful employment practice.

50. The unlawful employment practice complained of in the foregoing paragraphs were intentional.

51. The more from placement practice complained of in the foregoing paragraphs were done with malice and reckless indifference to Romero 's Federal Protective Rights.

### THRD CLAIM FOR RELIEF

### [Constructive Discharge Because of sex-42 U.S.C. 2000e-2(a)]

52. The allegations contained in this foregoing paragraph were hereby. Incorporated by reference with the same force, and in fact as it is fully set forth herein

53. Alternatively, beginning of February 2022. Bright Column discriminated against Romero in violation of section 703(a) of Title VII,42 U.S.C. § 2000e-2(a) by constructively discharging him because of sex.

54.  At the time of constructive discharge, Ramiro was performing his work. In satisfactory manner.

55. The hostile work environment became so intolerable that a reasonable employee would have left, felt compelled to resign.

56. Turn off for employment practice described above was. In intentional.

57. The unlawful employment practice of defendant compelled of hearing was done with malice or reckless indefinite to Romero 's Federal Protective Rights.

## **PRAYER FOR RELIEF**

Wherefore the Commission respectfully request that this Court.

A. Grant a permanent injunction Brycon Corporation It's an officer, agents, servants, employees. Attorneys and all persons in active concert or participants with them. From engaging in any unlawful practice which discriminates against any employee because of their sex, male or female.

B. Grant a permanent injunction enjoining by Brycon Corp It's official agent, servants, employees, attorneys and all person in active concert or participation with them, from engaging in any unlawful practice which retaliates against any employee because of he or she has opposed any practice made an unlawful employment practice by Title VII or because he or she has made a change testified. Assisted or participated in any manner in an investigation or proceedings under Title VII, including making or initially complaint or harassment.

C. Order Brycon Corporation institute and carry out policies, practice, and programs that provide Equal Employment Opportunity regardless of sex and that eradicate the effects of its own past or present, unlawful. Employment practice.

D. Order Brycon Corporation. To institute a carry out policies, practice and programs that provide Equal Employment Opportunity regard this of individuals opportunity and unlawful employment practice or practice to proceeding under the Title VII and that is eradicate the effects of its own past and present unlawful employment practice.

E. Order Brycon Corporation to make whole Romero and other aggrieved individuals by providing appropriate backpay and prejudgment, interest in the amount to be determined at trial and other affirmation relief necessary to eradicate the efforts of its own unlawful employment practice, including, but not limited to, reinstatement or front page as appropriate.

F. Order Brecon corporations to make Romero and other egregious individual whole by providing compensation for the past and future pecuniary losses resulting from unlawful employment practice described above, including job search expense in the amount to be determined at trial.

G. Order Brycon Corporation to make Romero and other individuals whole by providing compensation for the past and future nonpecuniary losses resulting from unlawful employment practice described above, including emotional pain, suffering, inconvenience, mental anguish, loss, enjoyment of life, humiliation and other non. Pecuniary losses in amount about to be determined at trial.

H. Grant such further relief as this court deems necessary to prepare. In the public interest. And the coworkers. In previous and existing employees of Brycon Corporation.

I. Award. Romero attorney's fees and cost of this action.

### JURY TRIAL DEMANDED

**Romero Request a jury trial on all questions of facts raised by the complaint.**

**Respectfully submitted. This.____Day of December. 2023. By Rubel Romero**

**Prose.**

Signature and Summited By

BRYCON CORPORATION
134 Rio Rancho Blvd NE
Rio Rancho, NM  87124
PH.505.892-6163

RUBEL ROMERO
P.O Box 8641
Santa Fe, NM 87504
PH.505.755.3999