## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEL ROMERO,

       Plaintiff,

v.                                        No. 1:23-cv-1141-DLM

BRYCON CORPORATION,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint (Doc. 1) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), both filed December 21, 2023.

**I.**     **Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly employment income amount during the past 12 months is $3,200.00 plus $680 in child support; (ii) Plaintiff's monthly expenses total $3,118.66; (iii) and Plaintiff has $200.00 in cash and $50.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses are approximately equal to his monthly employment income.

## II.    Order to File Amended Complaint

Plaintiff appears to assert claims on behalf of other persons. (*See* Doc. 1 at 10–12 (seeking injunctive relief and monetary damages on behalf of Plaintiff's coworkers).) Plaintiff cannot assert claims on behalf of his coworkers because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court orders Plaintiff to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others. The amended complaint may, however, contain allegations regarding the harassment of other employees, because those allegations relate to the alleged hostile work environment. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415–16 (10th Cir. 1987) (incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment).

Additionally, Plaintiff did not sign the original Complaint.  Rule 11 requires that all filed documents must be signed and that the "court must strike an unsigned paper unless the omission is promptly corrected after being called to . . . party's attention."  Fed. R. Civ. P. 11(a).  Plaintiff must sign his amended complaint.

## III.    Service

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service that includes the address of each Defendant.

## IV.    Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

## V.    Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

3

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 21, 2023, is **GRANTED.**

(ii)    Plaintiff shall, **within 21 days** of entry of this Order, file an amended complaint as outlined herein. Failure to timely file an amended complaint may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE