IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEL ROMERO,

    Plaintiff,

v.                                                                                           No. 1:23-cv-01141-MIS-DLM

BRYCON CORPORATION,

    Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On December 21, 2023, Plaintiff, who is proceeding *pro se*, filed a Complaint pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 asserting claims of sexual discrimination and retaliation. *See* ECF No. 1.

The Court reviews complaints filed by *pro se* plaintiffs to identify deficiencies in the complaint. *See Lowrey v. Sandoval Cnty. Child. Youth and Fams. Dep't*, No. 23-2035, 2023WL4560223, *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

On December 28, 2023, United States Magistrate Judge Damian L. Martinez issued an Order notifying Plaintiff that the Complaint:

> appears to assert claims on behalf of other persons. (*See* Doc. 1 at 10-12 (seeking injunctive relief and monetary damages on behalf of Plaintiff's coworkers).) Plaintiff cannot assert claims on behalf of his coworkers because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

ECF No. 5 at 2. Judge Martinez ordered Plaintiff

>to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others. The amended complaint may, however, contain allegations regarding the harassment of other employees, because those allegations relate to the alleged hostile work environment. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415-16 (10th Cir. 1987) (incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment).

*Id.* at 2. Judge Martinez warned Plaintiff that failure to file an amended complaint, as outlined in the Order, may result in dismissal of this case. *Id.* at 4.

On January 17, 2024, Plaintiff filed an Amended Complaint seeking monetary damages and injunctive relief on behalf of Plaintiff, "any employee," "other aggrieved individuals," "other individuals," "coworkers" and "previous and existing employees." ECF No. 6 at 11-12.

On January 19, 2024, Judge Martinez issued an Order to Show Cause observing that

>Plaintiff's Amended Complaint seeks monetary damages and injunctive relief on behalf of Plaintiff, "any employee," "other aggrieved individuals," "other individuals," "coworkers" and "previous and existing employees." (*See* Doc. 6 at 11–12.) The Amended Complaint does not conform to the Court's previous order. Consequently, the Court orders Plaintiff to show cause why the Court should not dismiss this case for Plaintiff's failure to comply with the Court's Order "to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others." (*See* Doc. 5 at 2.) If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file a second amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others.

ECF No. 7 at 1-2. The Order notifies Plaintiff that (i) failure to file a response showing why the Court should not dismiss this case for Plaintiff's failure to comply with the Court's Order to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others" and (ii) failure to file a second amended complaint that complies with the Order to Show Cause may result in dismissal of this case. *Id.* at 2.

Plaintiff filed his Second Amended Complaint on May 3, 2024, but did not file a separate response to the Order to Show Cause. *See* ECF No. 14. The Second Amended Complaint contains factual allegations regarding discrimination and retaliation against Plaintiff and other employees,

2

which Judge Martinez allowed because those allegations relate to the alleged hostile work environment. *See* ECF No. 5 at 2. The caption of the Second Amended Complaint indicates there is only one Plaintiff, Rubel Romero. *See* ECF No. 14 at 1. However, the assertions in the Third Cause of Action and the relief Plaintiff seeks indicate Plaintiff is asserting claims on behalf of other employees. The Third Cause of Action asserts: (i) "Defendants had specific and/or constructive knowledge that Defendant was discriminating and retaliating against the plaintiff and other male employees;" (ii) "Defendants acted intentionally and negligently by failing to stop the individual supervisors from discriminating and retaliating against Plaintiff Romero and other complaining employees;" (iii) "the supervisory and policy-making employees of Brycon corporation knew and consciously disregarded the risk of discrimination, retaliation and termination of Plaintiff and the crew he complained for;" (iv) "Defendant intentionally failed to operate and maintain employment conditions so that the following dangerous conditions were created by their negligence and intentional acts towards Plaintiff Romero and Defendant's other employees, specifically including: a) discrimination against employees because of their gender … c) retaliatory terminations without cause against employees who for [sic] complained of discrimination, and the workplace violence, and the violations of those actions represent;" and (v) Defendant's acts and omissions "constituted a custom, pattern, practice and policy of intentional injury of male employees repeated violence against many employees and an utter and complete disregard for the welfare of Plaintiff, his crew and other male and/or complaining employees." *Id.* ¶¶ 39, 49-51, 53. The Second Amended Complaint also seeks relief for other persons—specifically:

> **Total Relief**
>
> Total Relief should amount to at least $1,000,000.00 *per plaintiff*.

**With Regard to Each Cause of Action:**

1. That *Plaintiffs* be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2. That *Plaintiffs* be awarded punitive damages in an amount according to proof at trial;

3. That *Plaintiffs* be awarded reasonable attorney's fees and costs of suit; and

4. That *Plaintiffs* be awarded such other and further relief as the Court deems just and proper.

*Id.* at 21 (emphasis added). Plaintiff did not file a response as required by the Order to Show Cause explaining why the Court should not dismiss this case for Plaintiff's failure to comply with the Court's Order to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others.

On May 17, 2024, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint for failure to comply with the Court's Order to Show Cause regarding the assertion of claims on behalf of others and for failure to exhaust administrative remedies. *See* ECF No. 15. Plaintiff did not file a response opposing Defendant's Motion and has not requested an extension of time to respond.

The Court dismisses this case because Plaintiff did not comply with: (i) Judge Martinez's Order which directed Plaintiff "to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others[,]" ECF No. 5 at 2; (ii) Judge Martinez's Order to Show Cause which ordered Plaintiff "to show cause why the Court should not dismiss this case for Plaintiff's failure to comply with the Court's Order to file an amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others[,]" ECF No. 7 at 1; and (iii) Judge Martinez's Order to Show Cause which ordered Plaintiff to "file a second amended complaint that asserts claims on Plaintiff's behalf but not on the behalf of others[,]" *id.* at 1-2.

Judge Martinez previously notified Plaintiff that it is Plaintiff's responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure. *See* ECF No. 5 at 3. Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007); *see also id.* at 1144 (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

Plaintiff's failures to comply with Judge Martinez's Order and Order to Show Cause interferes with the judicial process. The Court attempted to resolve the issue of Plaintiff asserting claims on behalf of other persons twice before Defendant appeared in this case. As a result of Plaintiff's failure to file an amended complaint and a second amended complaint that do not assert claims on behalf of other persons and his failure to show cause why the Court should not dismiss those claims, the Court has expended valuable resources addressing an issue that Plaintiff fails to correct. *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment (stating the Court

5

and the parties share the responsibility to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action").

The Court finds that any prejudice to Defendant resulting from dismissal of this case is minimal because Defendant seeks dismissal.  *See* ECF No. 15.  While Defendant seeks dismissal with prejudice, it is not clear, absent the Court's examination of the allegations in the Second Amended Complaint, that Plaintiff has not stated some claims.

The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective, because Plaintiff has failed to comply with Court orders and because it appears Plaintiff is unable to pay monetary sanctions, as Plaintiff is proceeding *in forma pauperis* and is unable to pay fees and costs of this proceeding.  *See* ECF No. 5 at 4.  Both of Judge Martinez's Orders notified Plaintiff that failure to comply may result in dismissal of this case.  *See* ECF No. 5 at 4; ECF No. 7 at 2.

The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort[,]" *LMC Holding Co.*, 497 F.3d at 1143; (ii) the judicial system has a "strong predisposition to resolve cases on their merits[,]" *id.* at 1144; and (iii) this case is in an early stage with the Court not yet having entered a scheduling order.

The Court dismisses this case without prejudice as a sanction for Plaintiff's failure to comply with Court Orders.  Because it is dismissing this case for failure to comply with Court Orders, the Court denies Defendant's Motion to Dismiss based on Plaintiff's failure to exhaust administrative remedies as moot.

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss the Second Amended Complaint for Damages, ECF No. 15, filed May 17, 2024, is **GRANTED in part** as follows:

    **(i)** the Court grants the Motion to Dismiss based on Plaintiff's failure to comply with Court Orders; and

    **(ii)** the Court denies the Motion to Dismiss based on Plaintiff's failure to exhaust administrative remedies as moot;

2. This case is **DISMISSED without prejudice**;

3. All other pending motions are **DENIED AS MOOT**;

4. The Court will issue Final Judgment separately; and

5. This case is now **CLOSED**.

*[Signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE